**HUAI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–5475–ag.**

United States Court of Appeals,
Second Circuit.

May 10, 2007.

Robert J. Adinolfi, Lewis & Adinolfi, LLC, New York, NY, for Petitioner.

Brianne Whalen, Executive Office of Immigration Litigation, Department of Justice, Washington, D.C. (Daniel G. Bogden, United States Attorney, District of Nevada, Robert L. Ellman, Appellate Chief,

Brian J. Quarles, Assistant United States Attorney, Las Vegas, NV, on the brief), for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Huai Lin, a native of China, seeks review of a September 22, 2005 order of the BIA denying his motion to reopen its September 15, 2003 order summarily affirming Immigration Judge ("IJ") John Opaciuch's April 10, 2002 decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huai Lin,* No. A77 341 303 (B.I.A. Sept. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (citing *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)).

A motion to reopen "asks that the proceedings be reopened for new evidence and a new decision, usually after an evi-dentiary hearing." *Id.* at 234. Here, the BIA determined that although Lin filed his motion to reopen beyond the ninety-day deadline set forth in 8 U.S.C. § 1229a(c)(7)(C)(i), he submitted new, previously unavailable evidence (documentation of his wife's sterilization) that excused the untimely filing. However, passing on the merits of Lin's motion, the BIA found that the evidence of his wife's sterilization did not rebut the IJ's underlying adverse credibility determination and did not establish Lin's *prima facie* eligibility for relief.

Contrary to the BIA's holding, Lin's motion demonstrated *prima facie* eligibility for asylum and showed that the evidence, if credited, would materially alter the result in his case. Even if Lin did not credibly testify before the IJ about past persecution and his fear of future persecution, Lin would still be eligible for asylum if he proved that his wife was forcibly sterilized by the Chinese government.[1] *See* 8 U.S.C. § 1101(a)(42) (providing that a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure is deemed to have been persecuted on account of political opinion); *In re C–Y–Z–,* 21 I. & N. Dec. 915, 918 (BIA 1997) (finding that the forced abortion or sterilization of one spouse amounts to persecution of the other spouse as well). We conclude that the BIA erred in finding that because Lin was once deemed incredible with regard to one claim of persecution, he could not receive asylum even if he later proved himself based on separate facts to be the victim of subsequent persecution.[2]

---

1. Moreover, the IJ based part of his credibility determination on the fact that petitioner "believes his wife also faces the same fate, yet his wife continues to reside in Fuzhou City, and no harm has come to her since he departed."

2. Petitioner has also filed a motion to remand for consideration of documents which purportedly demonstrate that forced sterilization is part of the official family-planning policy in Fujian Province, China. However, after IIRI-

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Petitioner's motion for a stay of removal is GRANTED pending a decision from the BIA on remand.

RA, this Court is not permitted to order the BIA to hear additional evidence pursuant to 28 U.S.C. § 2347(c). *See Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48 (2d Cir. 2007) (per curiam). The *Tian Ming Lin* Court suggested, without deciding, that this Court may "possess the inherent equitable power to remand cases to administrative agencies for further proceedings in sufficiently compelling circumstances." *Id.* at 52. We need not decide the issue today, however, because we find, in any event, that this case does not present "sufficiently compelling circumstances" to remand given that petitioner is claiming that his wife has already been forcibly sterilized.